IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GLEN DALE SPIVEY,**

    **Plaintiff,**

vs.                                   **CASE NO. 4:22-CV-00018-WS-MAF**

**LEONARD SCHIOFMAN,**
**et al.**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Glen Dale Spivey, an inmate proceeding *pro se*, filed an amended complaint pursuant to 42 U.S.C. § 1993 alleging deliberate indifference to serious medical needs, in violation of the Eighth Amendment, medical malpractice, and civil conspiracy claims. ECF No. 19. The Court screened the complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. For the reasons stated, Spivey's amended complaint remains legally insufficient and does not comport with the Court's prior order to amend; therefore, the case should be dismissed. First, a brief discussion of Spivey's litigation history warrants discussion.

**I.**     **Relevant Litigation History**

Spivey initiated this case on January 5, 2022, against twenty-one

defendants (medical providers, prison wardens and officials), prison doctors, the Florida Department of Corrections (FDOC), and GEO Group alleging that each defendant conspired to act with deliberate indifference to his glaucoma and other injuries and other defendants failed to protect him from inmate assaults. ECF No. 1. He attributed no set of facts to each claim and sought $20,000,000 in damages and a criminal investigation. Id., pp. 11-20. Spivey did not pay the requisite filing fee at the time he initiated the case. The Undersigned screened the complaint and issued a report recommending dismissal under the three-striker provision of the Prison Litigation Reform Act. ECF No. 3. The Report noted that some of the claims were also barred by the statute of limitations. Id.

Spivey attempted to amend his complaint, ECF No. 7, but the Court issued an order striking the filing because it was a shotgun pleading, claims violated Fed. R. Civ. P. 20(a)(2), and Spivey failed to satisfy the imminent danger exception. ECF No. 8. Spivey paid the filing fee; so, the Report was vacated. ECF Nos. 10, 13. The Court directed Spivey to cure the deficiencies found in his pleadings and ordered him to file an amended complaint. ECF No. 14. The amended complaint remains legally insufficient. ECF No. 19.

## II. Spivey's Amended Complaint, ECF No. 19.

Spivey presents a rambling narrative of claims against two dozen defendants in their individual and official capacities:

1. Leonard Schlofman, an optometrist employed by the Florida Department of Corrections (FDOC) at Lake Butler Reception and Medical Center (Lake Butler);

2. Dr. Isaac Moore, an FDOC ophthalmologist at Lake Butler;

3. C.E. Richardson, chief health officer at Jefferson Correctional Institution (C.I.);

4. John A. Bencke, an ophthalmologist at Magruder Eye Institute;[1]

5. Jason Brenes, medical director of Corizon/Centurion Medical Services (Centurion);

6. Denis A. Vilchez, chief health officer at Centurion;

7. M. Morgan, Warden at "FDC" Central Florida Reception Center (CFRC)[2];

8. Sergeant Pope, a prison official at Suwannee C.I.[3];

---

[1] In the amended complaint, Plaintiff initially named R. Vivas, chief health officer at Florida State Prison, and then crossed it out. ECF No. 19, p. 3. Accordingly, Vivas is not a properly named defendant in this case.

[2] Pursuant to Fed. R. Civ. P. 201, the Court takes judicial notice of this defendant's address provided by Spivey. Id., p. 3. According to FDOC, CFRC is located at 7000 H. C. Kelley Road, Orlando, Florida 32831.

[3] The Court takes judicial notice of this defendant's address provided by Spivey. Id., p. 4. According to FDOC, Suwannee C.I. is located at 5964 U.S. Highway 90, Live Oak, Florida 32060.

Case No. 4:22-CV-00018-WS-MAF

9. Officer Coutes, a prison official at Suwannee C.I.;

10. Officer Thordy, a prison official at Suwannee C.I.;

11. Magruder Eye Institute;

12. Florida Department of Corrections;

13. Corizon Medical Services at Suwannee C.I.;

14. Centurion Medical Services at Suwannee C.I.;

15. Ms. Neal, Assistant Warden of Programs at Blackwater River Correctional Facility (Blackwater)[4];

16. C. Maiorana, Warden at Blackwater;

17. M. Nichols, ARNP, at Blackwater;

18. Bobbie Cannon, staging coordinator at CFRC;

19. K. Dicks, an administrative assistant at Suwannee C.I.;

20. GEO Group/MTC, a contractor for Blackwater;

21. Blackwater River Correctional Facility, as an agent of the FDOC;

22. Graceville Correctional and Rehabilitation (Graceville), as an agent of the FDOC; and

---

[4] The Court takes judicial notice of this defendant's address provided by Spivey. Id., p. 5. According to FDOC, Blackwater River Correctional Facility is located at 5914 Jeff Ates Road, Milton, FL 32583.

Case No. 4:22-CV-00018-WS-MAF

      23. Mr. Edwards, the medical administrator at Graceville.[5]

Id., pp. 2-9. Blackwater, Graceville, and Suwannee prisons are located within the Northern District of Florida; however, CFRC is located in the Middle District of Florida. Spivey alleges that various prison officials, medical providers, and state agencies interfered with- or delayed medical treatment for his glaucoma and other injuries. Spivey also presents general conspiracy allegations by stating the defendants at each prison in which he was housed "went into cohoots with FDC agents, staff, and officers" at the "Reception Medical Center," the "eye glass clinic in Starke," Florida, or with another prison. Id., pp. 10-12, 21, 23. Spivey does not provide a valid request for relief. Rather, he states:

> The Plaintiff is a coordinator/booking agent/in the amusement/entertainment business with today's economic range, the Plaintiff place[d] a 20 million dollar[] bond against each defendant in regards to Plaintiff's delayed and lack of medical treatment for glaucoma and other injuries to Plaintiff Person with deliberate indifference.

Id., p. 15. There is no way of knowing what Spivey expects of the Court based on this statement. He makes no claims for financial damages, injunctive- or declaratory relief, trial, treatment, or other relief.

---

[5] The Court takes judicial notice of the FDOC prison located at the address provided by Spivey. Id., p. 8. According to FDOC, Graceville Correctional Facility is located at 5168 Ezell Road, Graceville, FL 32440.

Case No. 4:22-CV-00018-WS-MAF

Spivey does not present any relevant dates for the alleged events. Rather, throughout the complaint he repeats the phrase "at a later date" to introduce new allegations. Therefore, to make sense of Spivey's complaint, his claims are organized according to alleged incidents that occurred at each respective prison facility:

A. Lake Butler Reception and Medical Center

Dr. Schlofman prevented Spivey from receiving proper glaucoma medications and did not timely file the paperwork for him to see a specialist for surgery. Id., p. 10. Dr. Schlofman did not file consults for a follow-up appointment with other doctors or Dr. Wolock, who eventually performed laser surgery. Id., pp. 16-17. Dr. Schlofman fraudulently represented that Dr. Moore was a glaucoma specialist. Id., p. 17.

Dr. Moore delayed proper medical treatment, posed as a glaucoma specialist, and did not complete the proper paperwork for Spivey's surgery. Id., p. 10. Dr. Moore measured the pressure in Spivey's eyes, continued to refer him back to Dr. Schlofman for treatment, and was deliberately indifferent to Spivey's condition. Id., pp. 17, 19.

B. Jefferson Correctional Institution

Dr. Richardson kept Spivey's intraocular pressure high by delaying the glaucoma eye drops and failed to file the paperwork for the glaucoma

surgery. Id., p. 10, 19. Dr. Richardson responded to Spivey's grievance, denied a prescription which worked to lower the "IOP," and made him wait for an ophthalmologist at the Reception Medical Center to address the issues. Id., pp. 19-20. Eventually, Dr. Richardson approved a grievance to provide the glaucoma medication; but, later, denied it. Id., p. 20.

C. Florida State Prison

Dr. Vivas delayed or failed to complete the paperwork for surgery. Id., pp. 10-11. Dr. Vivas referred Plaintiff back to Dr. Schlofman for refraction for glasses before surgery. Id., p. 19. Nonetheless, in the complaint, Spivey crossed out Vivas as a defendant.

D. Central Florida Reception Center

Dr. Brenes kept Spivey's intraocular pressure high by failing to provide glaucoma medication in a timely manner. Id., p. 21-22. Cannon, the staging coordinator, failed to notify officials that Spivey had an eye surgery appointment at Magruder Eye Institution "in regard to a composite date of 2018." Id., pp. 13, 25. Allegedly, this allowed Morgan, the warden at CFRC, to transfer Spivey to Suwannee C.I., which caused damage to Spivey's right eye and blindness. Id.

E. <u>Suwannee Correctional Institution</u>

Vilchez failed to supervise Ms. Cannon at CFRC to schedule Spivey for surgery in a timely manner. <u>Id.</u> Vilchez also delayed glaucoma medication, made false statements that Spivey had received the medication, and did not timely refill the prescription. <u>Id.</u>, pp. 22-23. Sergeant Pope was involved in confiscating and destroying Spivey's glaucoma medicine. <u>Id.</u>, p. 12. Dicks, an administrative assistant, failed to make a follow-up appointment for surgery "in accordance with a composite date of 2018." <u>Id.</u>, pp. 13. 25.

Unrelated to glaucoma treatment, Spivey alleges that Coutes drove him to Magruder Eye Institute in an FDOC van; and Thorpe drove a separate FDOC van that rear-ended the van transporting Spivey. <u>Id.</u>, p. 12. Spivey does not indicate when this accident occurred, although in his prior complaint he stated the accident occurred in 2017. Spivey only generally claims he suffered "serious injury to [his] body" from the accident. <u>Id.</u>, p. 23.

F. <u>Blackwater River Correctional Facility</u>

On or about December 18-19, 2019, Plaintiff was denied medical treatment for numbness to the left side of his body he claims resulted from the vehicle accident and was denied treatment for his eye. The warden refused to approve an emergency treatment by an ophthalmologist. <u>Id.</u>,

pp. 12-13, 24. According to Spivey, Ms. Nichols refused to provide him with the following accommodations for his blindness: digital planner, headphones, talking watch, radio, magnifying sheet, and key-lock. Id., pp. 13, 24. The administration at Blackwater failed to supervise and review Spivey's medical records to treat his glaucoma in a timely manner. Id., p. 25.

### G. Magruder Eye Institute

Dr. Bencke did not timely provide glaucoma medication, did not review Spivey's medical records, and waited too long to perform surgery. Id., p. 11, 21. Magruder Eye Institute is responsible as Bencke's employer.

### H. Other Employer Claims

The FDOC employed or contracted personnel who were deliberately indifferent to Spivey's medical condition; arranged for an inmate to attack Spivey on March 27, 2020, causing blindness in his left eye; refused to provide the proper medical treatment to the injured eye; and failed to supervise its employees. Id., pp. 12, 24. The FDOC also failed to timely respond to Spivey's grievances for medical treatment. Id., p. 13. Spivey claims that GEO group and the FDC officers failed to provide him auxiliary aids. Id., pp. 13, 25.

Corizon/Centurion employed staff that were deliberately indifferent to Spivey's eye condition by delaying medical treatment for glaucoma.

Graceville failed to provide treatment for Spivey's glaucoma and cataracts "with a composite date of March 27, 2020" and failed to supervise and review his medical records relating to his injuries and glaucoma. Id., p. 25. Graceville is liable for its medical administrator, Mr. Edwards, who failed to provide specialists to treat Spivey's eye conditions and failed to provide treatment for other injuries. Id., pp. 14, 25.

The complaint is legally insufficient. Spivey directs the Court to "see Plaintiff's medical records" for facts supporting his allegations; however, at this stage, it is Spivey's responsibility to present his claims within the confines of a legally sufficient complaint. Missing details, particularly dates, are the factual basis for Spivey's case. The Court will not "root through" Spivey's medical records "like a pig in search of truffles to determine whether there is a factual basis" for his claims. Keaton v. Cobb County, 545 F. Supp. 2d 1275, 1309 (N.D. Ga. 2008). The Court has no such obligation. 2025 Emery Highway, L.L.C. v. Bibb County, Ga., 377 F. Supp. 2d 1310, 1333 (M.D. Ga. 2005). Spivey asserts "that until this Court order[s] discovery, it will be exceptional[ly] hard for" him to present a proper statement of the facts. Id., p. 19. Unfortunately, a complaint that is not legally sufficient cannot be served on the defendants. Thus, the case cannot proceed at all, let alone proceed to the discovery phase. The case is due to be dismissed.

### III.  Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015). Additionally, Rule 8(a)(3) requires that a pleading must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief."

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'— does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

As narrated above, Spivey did not set forth a demand for relief in his complaint as required by Rule 8(a)(3). Spivey alleges conspiracies without providing any factual support and claims delays in receiving medical

treatment without any dates or other details. Claims presented in this way fail to properly notify defendants of their actions. These general assertions without more, fail to support any claims.

Spivey cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Legal conclusions are insufficient. Dismissal is warranted.

## IV.  Misjoinder

It is not clear that Spivey's allegations against numerous defendants arise out of the same transaction, occurrence, or series of transactions or occurrences. The Court previously advised Spivey that Federal Rule of Civil Procedure 20(a)(2) provides that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Second, there must be a "question of law or fact common to all defendants in the action. Fed. R. Civ. P. 20(a)(2). Both prongs of the test must be met for joinder to be appropriate.

Here, Spivey's claims for delayed medical treatments are unrelated to claims that some defendants arranged for an inmate to attack him. The failure of some defendants to treat injuries from a vehicle accident is unrelated to the interference of other defendants to provide glaucoma treatments. Similarly, Spivey alleges that the delay or denial of medical treatment by prison officials or medical providers occurred at several different prison facilities and at an outside medical facility but provides no facts to suggest that these events or defendants are connected.

Generally, events that occurred each facility should be filed separately from each other. Similarly, claims relating to the denial or delay of medical treatment for various ailments should not be combined into one case. An unrelated example may clarify the issue. For instance, a prisoner alleging that doctors at "Prison A" did not treat his broken arm cannot use the same case to present claims that doctors at "Prison B" failed to treat his diabetes.

Defendants will likely present unique defenses that will require different evidence. Claims arising out of unrelated transactions or occurrences must be filed as separate actions subject to different case numbers and filing fees. The Court previously advised Spivey that his case would likely be dismissed for this reason. Spivey disregarded the advisement. Dismissal is appropriate.

## V.   Statute of Limitations

The Court previously advised Spivey that some claims were likely barred by the statute of limitations. Rather than present claims that are within the statute of limitations, Spivey removed the dates of the alleged events. The statute of limitations period for Section 1983 claims arising in Florida is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3)(j). To the extent Spivey's complaint may be construed as raising medical malpractice claims, the statute of limitations for filing medical malpractice claims against the medical providers is "two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.11(4)(b).

Even if timely presented, incorrect medical treatment is not actionable under Section 1983. Estelle v. Gamble, 429 U.S. 97, 106, 109 (1976). Section 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Cnty Dep't of Soc. Serv., 489 U.S. 189, 200-03 (1983). Although Spivey's claims might be actionable as a state claim, Florida law mandates compliance with specific pre-suit requirements before a complaint for medical malpractice may be filed. See Fla. Stat. § 766.106(1)(a); Gross v. White, 340 F. App'x 527, 532 (11th Cir. 2009). Even if Spivey complied with Florida's pre-suit requirements, the complaint

contains no treatment dates or timeline of events. Without a timeline, it is impossible to know whether Spivey's claims are barred by the statute of limitations. Dismissal is proper.

VI. **Civil Conspiracy**

"To establish a claim of conspiracy under section 1983, a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights and prove an actionable wrong to support the conspiracy. The complaint must inform the defendants of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) (citing Bailey v. Bd. of Cty. Commisioners of Alachua Cty., Fla., 956 F.2d 1112, 1122 (11th Cir. 1992)) (internal quotations omitted).

General allegations that defendants covered up for each other, conspired to delay or deny treatment, or conspired "for [him] to meet his demise" or that they were "in cohoots with" each other, without more, fails to properly state a claim. The Court previously advised Spivey that the case would be subject to dismissal for this reason. Dismissal is appropriate.

VII. **Spivey's Amended Complaint Fails to Comply with Court Orders.**

Spivey is no stranger to the federal courts who had a least three actions dismissed as frivolous, malicious, or for failure to state a claim upon which

Case No. 4:22-CV-00018-WS-MAF

relief may be granted: M.D. Fla. Case No. 8:02-CV-02204-SDM (failure to state a claim), N.D. Fla. Case No. 4:20-CV-00095-MW-HTC (abuse of judicial process), and 11th Cir. Case No. 20-13058-E (frivolous). The Middle District of Florida has designated Spivey as a three-striker. <u>See</u> M.D. Fla. Case No. 3:21-CV-00530-MMH-JBT.

Normally, the Court would permit a *pro se* plaintiff the opportunity to amend a complaint before recommending dismissal. However, the Courts repeatedly advised Spivey of the Rules, shotgun pleadings, misjoinder, and statute of limitations. The Court also advised Spivey that if he failed to cure the deficiencies dismissal would be recommended.

## VIII. Conclusion and Recommendation

For the reasons stated, the Undersigned **RECOMMENDS** that the amended complaint, ECF No. 19, be **DISMISSED** without prejudice as a shotgun pleading and failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on April 18, 2022.

                                                  s/ Martin A. Fitzpatrick
                                                  **MARTIN A. FITZPATRICK**
                                                  **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).