**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GLEN DALE SPIVEY,**

    **Plaintiff,**

**vs.**                                            **Case No.: 4:22-CV-00018-WS-MAF**

**LEONARD SCHIOFMAN,**
**et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

This Cause comes before the Court upon Plaintiff's latest filing entitled "Application for Motion for Reconsideration 1983 Civil Complaint Under Federal Rules of Civil Procedure 60(b)." ECF No. 29. Plaintiff wants the Court to "reinstat[e]" his complaint and to hear his objection to dismissing his case for failure to comply with court orders and submitting a shotgun complaint. Id., pp. 1, 7. Plaintiff presents various reasons for his failure to comply. See generally, id.

For the reasons stated below, Plaintiff's Rule 60(b) motion should be denied. First, a brief discussion about Plaintiff's federal litigation history and the procedural history of this case is warranted.

## I. Background

Plaintiff is no stranger to the federal courts and is a "three-striker" under the Prison Litigation Reform Act.[1] This is relevant because Plaintiff did not proceed in this case uninformed or without opportunity to properly amend. Nor is this Plaintiff's first attempt to litigate the claims he presented in this case. See Spivey v. Schlofman, et al., N.D. Fla. No. 4:20-cv-00095-MW-HTC and Spivey v Schlofman, et al., M.D. Fla. No. 3:21-cv-00530-MMH-JBT. Plaintiff incorrectly states that the Eleventh Circuit issued a ruling allowing Plaintiff to refile his claims. ECF No. 29, p. 3. The Eleventh Circuit held Plaintiff's appeal of N.D. Fla. No. 4:20-cv-00095-MW-HTC was "frivolous" because the district court dismissed the complaint without prejudice for failure to disclose prior lawsuits. Spivey v. Schlofman, 2021 U.S. App. LEXIS 9475 (11th Cir. 2021). A district court's dismissal without prejudice necessarily allows a plaintiff to refile his claims.

In this case and others, federal courts advised Plaintiff on the proper way to proceed, to use the complaint form, and warned that the failure to comply with court orders could result in dismissal.[2] See ECF Nos. 8, 14.

---

[1] See Spivey v. Chaffin, M.D. Fla. No. 8:02-cv-02204-SDM (failure to state a claim); Spivey v. Schlofman, et al, N.D. Fla. No. 4:20-cv-00095-MW-HTC (for abuse of judicial process); and Spivey v. Scholfman, et al., 11th Cir. No. 20-13058 (frivolous).

[2] See Spivey v. Green, M.D. Fla. No. 6:90-cv-00079-PCF; Spivey v. Chaffin, M.D. Fla. No. 8:02-cv-02204-SDM; Spivey v. Fla. Dep't of Corr. & Fla. Att'y Gen., M.D. Fla. No.

A. Procedural History of the Instant Case

Plaintiff filed his Section 1983 civil rights complaint on January 5, 2022, alleging deliberate indifference and denial of proper medical treatment for his glaucoma. ECF No. 1. After screening the complaint, the undersigned issued a Report recommending dismissal because Plaintiff is a "three-striker" who did not pay the filing fee at the time he initiated the case. ECF No. 3. When Plaintiff paid the fee, the undersigned vacated the Report. ECF Nos. 10, 13.

During the case, Plaintiff filed several "Notices."[3] The Court construed one as an attempt to amend. ECF Nos. 7, 14. On March 4, 2022, the Court identified certain deficiencies in both the initial complaint and the "Notice" (ECF No. 7), ordered Plaintiff to amend, and struck the "Notice" as an improper filing. ECF No. 8. The Court explained there would be "one opportunity to properly amend" and failure to comply with court orders would

---

8:05-cv-2002-SDM-TGW; Spivey v. Fla. Dep't of Corr. & Fla. Att'y Gen., M.D. Fla. No. 8:13-cv-767-SDM-CPT; Spivey v. Fla. Dep't of Corr. & Fla. Att'y Gen., 11th Cir., No. 13-14167; Spivey v. Fla. Dep't of Corr., M.D. Fla. No. 3:19-cv-00708-BJD-JBT; Spivey v. Fla. Dep't of Corr., et al., M.D. Fla. No. 3:19-cv-846-MMH-JBT; Spivey v. Fla. Dep't of Corr., M.D. Fla. No. 3:19-cv-847-BJD-MCR; Spivey v. Fla. Dep't of Corr., 11th Cir. No. 19-13450; Spivey v. Schlofman, et al., N.D. Fla. No. 4:20-cv-00095-MW-HTC; Spivey v. Schlofman, et al., 11th Cir. No. 20-13058; and Spivey v. Schlofman, et al., M.D. Fla. No. 3:21-cv-00530-MMH-JBT.

[3] On January 5 and February 8, 2022, Plaintiff filed "Notices" relaying his progress to acquire the filing fee. ECF Nos. 2, 9. On January 28, 2022, Plaintiff filed a sixteen-page "Notice" (ECF No. 4) which the Court construed as a motion to waive filing fees. On February 9, 2022, Plaintiff filed a "Notice" amending his statement of facts. ECF No. 7.

result in a recommendation of dismissal. ECF No. 14, pp. 2, 13. Plaintiff had until April 4, 2022, to amend. Id., p. 13.

Rather than file a properly amended complaint, Plaintiff filed a motion seeking to compel discovery, which was denied because no legally sufficient complaint could be served upon the defendants. ECF Nos. 15, 16. Next, Plaintiff filed a motion for an extension of time to amend, which was granted. ECF Nos. 17, 18. Plaintiff now had until April 25, 2022. ECF No. 18.

Before the deadline, on April 4, 2022, Plaintiff filed an amended complaint along with a motion to exceed the page limitations, which was granted. ECF Nos. 19, 20, 21. On April 18, the undersigned screened the amended complaint as required and found that Plaintiff had not cured the deficiencies, the complaint remained a shotgun pleading, the claims were misjoined, and Plaintiff did not set forth a proper request for relief. ECF No. 21. The undersigned recommended dismissal without prejudice. Id.

The Report remained pending for more than one month before Plaintiff filed a motion for an extension of time to file objections. ECF No. 23. The Court granted the motion giving Plaintiff until June 23, 2022, to file objections. ECF No. 24. None were filed. The Court waited three months from the entry of the Report, until July 7, 2022, to adopt it and entered final judgment. ECF Nos. 25, 26. Plaintiff filed a notice of change of address on August 24, 2022,

ECF No. 27. Plaintiff never challenged any order or report issued by the undersigned, until January 9, 2023, when he filed the instant Rule 60(b) motion now six months after final judgment. ECF No. 29.

B. Plaintiff's Rule 60(b) Motion, ECF No. 29.

Plaintiff objects to the Report recommending dismissal and wants to reinstate his case pursuant to Rule 60(b). ECF No. 29, pp. 1-2, 7. Plaintiff raises several arguments to support his Rule 60(b) motion. He alleges mistakes, errors, and fraud in the final judgment in this case.

Some of Plaintiff's motion is nonsensical or unrelated to the instant case. He claims he was wrongfully charged for this litigation claiming that a Florida Supreme Court ruling requires "conditions of close management . . . to be set forth in a habeas petition." Id., p. 2. Plaintiff claims he exhausted his state remedies through appeal and insists that habeas claims must be included in a civil rights complaint pointing to one of his previous cases, Spivey v. Fla. Dep't of Corr., M.D. Fla. No. 3:19-cv-00708-BJD-JBT. Not so. A prisoner's claims challenging the conditions of his confinement are properly raised in a civil rights action under Section 1983. Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).

Plaintiff also references a 2009 order relating to his glaucoma, cites to no case, yet asks the Court to locate it. ECF No. 29, p. 2. However, this Court

will not act as Plaintiff's counsel. See Watson v. Governor of Ga., 699 F. App'x 909, 909 (11th Cir. 2017) ("Although we construe *pro se* briefs liberally, we will not act as *de facto* counsel for litigants"). It is not clear how these issues are related to the underlying case. Plaintiff never sought habeas relief in the instant case. Plaintiff was required to pay the $402 filing fee (the filing fee for civil rights cases) because he is a three-striker and did not demonstrate that he was in imminent danger of serious physical harm.[4]

Each of Plaintiff's arguments reliant on Rule 60(b) are addressed in the discussion section below.

## II. Discussion

### A. Applicable Law

Under Rule 60(b), a judge may relieve a party of a final order or judgment for (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; or (3) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b)(6) allows a party to secure relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This clause "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances" as well as proof that "an extreme and unexpected hardship" will result if relief is not granted. Griffin v. Swim-Tech

---

[4] The events alleged did not occur at the time Plaintiff initiated the case.

Case No.: 4: 22-CV-00018-WS-MAF

Corp., 722 F.2d 677, 680 (11th Cir. 1984) (quotation omitted). Even then, "whether to grant the requested relief is a matter for the district court's sound discretion." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b)(c)(1).

B. Plaintiff's Arguments

1. *The Orders of the Magistrate Judge are Not Invalid.*

Plaintiff claims the magistrate judge's recusal "on March 4, 2022," in an earlier case invalidates the orders issued in the instant case. ECF No. 29, p. 3. Plaintiff is incorrect. Although the undersigned did recuse himself from an earlier case, that recusal was issued on **May 19, 2020**, *two years earlier* than Plaintiff alleged. See Spivey v. Schlofman, et al., N.D. Fla. No. 20-cv-95-MW-HTC, ECF No. 11. On July 15, 2020, the Court dismissed the earlier case for Plaintiff's abuse of the judicial process. Id., ECF No. 15. The recusal, however, only applied to the earlier case and was not a recusal from all matters related to Plaintiff. Id., ECF No. 11. A judge's recusal in an earlier case alone is insufficient to mandate his recusal in another case.

Cause for recusal is set forth in 28 U.S.C. § 455(a) "any justice, judge, or magistrate judge of the United States shall disqualify himself in any

proceeding in which his impartiality might reasonably be questioned." The standard for recusal is objective and requires the court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir.1990) (citation omitted). The allegation of bias must show that "the bias is personal as distinguished from judicial in nature." United States v. Phillips, 664 F.2d 971, 1002 (5th Cir. Unit B 1981), superseded on other grounds, United States v. Huntress, 956 F.2d 1309 (5th Cir.1992); Phillips v. Joint Legislative Comm., etc., 637 F.2d 1014, 1019-20 (5th Cir.1981). In short, except where pervasive bias is shown, a judge's rulings in the same or a related case do not provide a sufficient basis for recusal. See Phillips, 664 F.2d at 1002-03.

Ordinarily, a recusal motion should be filed while a case is pending. A motion to recuse a judge must be timely filed and with a sufficient affidavit presenting "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Courts recognize that when the party seeking recusal had a prior opportunity to move for recusal, they should be hesitant to grant it when it is filed at a strategic time such as after the entry of final judgment.

Here, Plaintiff offers no factual allegations of the type of personal bias that would sustain a doubt about the undersigned's impartiality. Plaintiff's only argument is that the claims in the instant case are the same as the ones presented in the earlier case. Moreover, Plaintiff makes this argument six months after final judgment. Plaintiff did not seek disqualification during the case despite knowing of the recusal; three years later, it is an issue. See United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993); Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir. 1987); Travelers Ins. Co. v. Liljeberg Enters., 38 F.3d 1404, 1411 (5th Cir. 1994). There is no error that warrants relief under Rule 60(b). Plaintiff's claim is untimely and baseless. The instant case was dismissed without prejudice; thus, Plaintiff is not prevented from raising his claims in a new case and will not suffer an extreme hardship.

### 2. Actions by the Prison Staff Do Not Amount to Fraud.

Plaintiff alleges that on April 14, 2022, Graceville prison staff placed his motion for an extension of time to amend amid his paperwork and concealed from him the court's order granting the extension. ECF No. 29, p. 4. He also claims Ms. Monroe, the education director placed the court's order in his paperwork without his knowledge knowing he cannot see. Id. In Plaintiff's view, this is fraud. In view of the entire record, Plaintiff's claim fails.

Rule 60(b)(3) requires the moving party to prove by clear and convincing evidence that an adverse party obtained a judgment through fraud, misrepresentation, or other misconduct. <u>Frederick v. Kirby Tankships, Inc.</u>, 205 F.3d 1277, 1287 (11th Cir. 2000). "The moving party must also show that the conduct prevented the losing party from fully and fairly presenting his case or defense." <u>Id.</u> The adverse parties did not obtain a judgment in their favor. Defendants were never served because there was no legally sufficient complaint. Plaintiff can still present his claims in a new case, if he submits a proper complaint within the statute of limitations.

As narrated above, Plaintiff had more than one opportunity to amend his complaint and did so. ECF No. 19. On April 18, 2022, the undersigned issued a Report recommending dismissal. ECF No. 21. True, Plaintiff, technically, had time remaining until April 25th. ECF No. 18. Nonetheless, rather than file another amended complaint or motion for additional time to amend, Plaintiff sought an extension of time to file objections to the Report alleging prison officials interfered with his access to the law library. ECF No. 23. The timing of Plaintiff's motion to extend the time for objections is most relevant; it was filed on April 28, 2022. <u>Id.</u> In that motion, Plaintiff never alleged that on April 14th officials hid documents from him, though he alleges it now. ECF No. 29, p. 4.

Still, the Court granted Plaintiff an extension to file objections, until June 23, 2022. ECF No. 24. Plaintiff filed nothing. The Court waited until July 7, 2022, before adopting the Report and closing the case. ECF No. 25. Plaintiff did not file any motion for reconsideration or appeals before the instant Rule 60(b) motion. He filed a notice of change of address. Plaintiff cannot establish that prison officials' conduct prevented him from fully presenting his case. The Court granted Plaintiff liberal opportunity and time to amend and object. Plaintiff submitted *two amendments*, which failed to comport with the Rules and the Court's directives. ECF Nos. 7, 19. Plaintiff is not entitled to frequent opportunities to amend his complaint, this is particularly true where the Court repeatedly advised him of the Rules and that if he failed to cure the deficiencies, dismissal would be recommended. Therefore, Plaintiff's request for relief on this ground should be DENIED.

> *3. Allegations of Denied Access to the Law Library are Insufficient to Warrant Relief under Rule 60(b).*

Plaintiff alleges prison officials denied him access to the law library on April 21, 2022, and again when he was released from confinement on May 21, 2022. ECF No. 29, p. 4. The Court addressed similar allegations Plaintiff presented in his motion for an extension of time to file objections. ECF No. 24. As stated above, Plaintiff had sufficient time to amend and to

file objections. Plaintiff cannot meet his burden that the alleged misconduct warrants relief under Rule 60(b).

### 4. Plaintiff's Lack of an Assistant is Insufficient to Warrant Relief under Rule 60(b).

Plaintiff claims he was working on completing his objections as of June 23, 2022. Plaintiff maintains that he could not meet the court's deadlines because he is blind and did not have anyone to assist him. ECF No. 29, p. 4. Liberally construed, Plaintiff's may be seeking relief based on excusable neglect and the catchall provision of Rule 60(b)(6).

"In determining excusable neglect, the Court should consider the following factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." Rogers v. Sec'y, Fla. Dep't of Corr., 2016 U.S. Dist. LEXIS 91779, 2016 WL 3774131, at *2 (N.D. Fla. June 13, 2016), report and recommendation adopted sub nom. Rogers v. Sec'y, 2016 U.S. Dist. LEXIS 91773, 2016 WL 3769375 (N.D. Fla. July 14, 2016).

Plaintiff submitted numerous filings in this case but ultimately failed to file properly amended complaint. Plaintiff points to certain grievances he filed with the prison as evidence that he requires an assistant to help him with his

case. However, Plaintiff's grievances explain a situation where he fell in December 2022 because he did not have an assistant. ECF No. 29, Exh. A. The exhibits are irrelevant to the issues in this case and the period in which this case was litigated. Relief is not warranted.

### 5. The Fraudulent Disciplinary Proceeding is Insufficient Grounds to Grant Relief Under Rule 60(b)(6)

Plaintiff alleges a "fraudulent disciplinary report" filed three days before the deadline to file objections resulted in his placement in administrative confinement. But for placement in confinement, Plaintiff argues he would not have missed the deadline. Plaintiff filed this Rule 60(b) motion six months after the final judgment in this case. It cannot be maintained that Plaintiff presents this argument in good faith considering the length of the delay. Plaintiff gives no indication of how long he was in confinement so that he could not file any objection, motion for reconsideration, or timely notice of appeal before filing this Rule 60(b) motion.

### 6. The Magistrate Judge Did Not Err in Directing Plaintiff to Amend.

Plaintiff alleges that the undersigned magistrate judge erred by directing Plaintiff to omit dates for events that occurred later than 2018. This assertion is false. The undersigned advised Plaintiff of the deficiencies within his complaint and, specifically, that Plaintiff failed to articulate when the

events occurred. "Without any factual support, dates[,] or details . . .. These general assertions without more, fail to support any constitutional claims." ECF No. 14, p. 6. The Court advised Plaintiff that some claims might be barred by the statute of limitations but "without dates for each alleged violation, it was impossible to know whether Plaintiff's claims fall within the statute of limitations." Id., p. 12; see also Report and Recommendation addressing the same, ECF No. 21, pp. 15-16. Plaintiff did not provide any timeline in his amended complaint. See ECF No. 19. Plaintiff is not entitled to relief where the Court made no error.

### 7. The Relation-Back Doctrine Does Not Apply in This Case.

Plaintiff maintains that the undersigned magistrate judge erred by failing to apply the "Relate-Back" "standard of Review" to Plaintiff's amended complaint it all relates to Plaintiff's 2017 habeas petition. ECF No. 29, p. 5. The Court liberally construes this claim as one made pursuant to the "relation-back doctrine" as applied to habeas proceedings. The instant case is unrelated to any habeas petition. Plaintiff raised deliberate indifference claims pursuant to Section 1983, a proceeding distinct from a habeas petition seeking release from a wrongful conviction or detention.

The "relation back" of amendments only relates back to the date of the original pleading within the case itself. <u>See</u> <u>generally</u>, Fed. R. Civ. P. 15(c). An amended pleading relates back to the original pleading in a case when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted,

Fed. R. Civ. P. 15(c)(1)(A-C). This is not the case here. Plaintiff was permitted opportunities to amend to cure the deficiencies. The Court directed Plaintiff to use the correct form "and [he] should not in any way refer to the original complaint. An amended complaint completely replaces all previous complaints; and claims not raised in the amended complaint are deemed abandoned" under the Local Rules. ECF No. 14, p. 13.

The dismissal in this case is not due to any error by the Court but rather Plaintiff's own inaction. Plaintiff has still not provided a proposed Amended Complaint which complies with this Court's prior Orders despite the Court's clear prior directions that such an Amended Complaint would be needed to proceed. Plaintiff is not entitled to relief under Rule 60(b)

## III. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's motion for relief pursuant to Fed. R. Civ. P. 60(b), ECF No. 29, be **DENIED** because there was no error, mistake, misconduct, or fraud and because the motion is otherwise untimely.

IN CHAMBERS at Tallahassee, Florida on January 23, 2023.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No.: 4: 22-CV-00018-WS-MAF